UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTHEA BEAZER<br><br>                  Plaintiff,<br><br>v.<br><br>REBEKAH REHAB & EXTENDED CARE CENTER and IVAN RAMKHELAWAN-SIN,<br><br>                  Defendants. | **NOTICE OF REMOVAL**<br><br>*Electronically Filed* |

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant Rebekah Rehab and Extended Care Center (hereinafter "Defendant Rebekah" or "Removing Defendant") – with the consent of counsel for defendant Ivan Ramkhelawan-Singh (improperly plead as "Ivam Ramkhelawan-Sin") ("Defendant Singh") (Removing Defendant and Defendant Singh collectively referred to as "Defendants") – hereby removes to the United States District Court for the Southern District of New York the civil action pending in the Supreme Court of the State of New York, County of Bronx, Index No. 819454/2023E. Removal is premised on supplemental jurisdiction to the current lawsuit pending in this Court, *Beazer v. Rebekah Rehab and Extended Care Center*, 1:23-cv-00967. In support of its notice and grounds for removal, Removing Defendant states as follows:

## BACKGROUND

**I. First State Court Action is Filed and Removed to Federal Court**

    1.      On July 18, 2022, Plaintiff Althea Beazer ("Plaintiff") purchased an Index Number and filed a Summons with Notice ("the First State Court Action"). A true and correct copy of the Summons with Notice is attached hereto as **Exhibit A**.

2. On January 6, 2023, Plaintiff filed a Complaint in the First State Court Action. A true and correct copy of the Complaint is attached hereto as **Exhibit B**.

3. The defendants in the First State Court Action were: (i) Defendant Rebekah; (ii) Defendant Singh; (iii) Kenneth Gelb ("Gelb"), the CEO of Defendant Rebekah; and, (iv) Connie Capaldo ("Capaldo"), the now-retired Director of Human Resources at Defendant Rebekah.

4. On January 26, 2023, Plaintiff filed an Amended Complaint against the same defendants. A true and correct copy of the Amended Complaint is attached hereto as **Exhibit C**.

5. Within the Amended Complaint, Plaintiff generally alleges that she is a former employee of Rebekah Rehab and alleges that she was "subjected to race discrimination, gender discrimination, unequal pay, and retaliation, which ultimately resulted in her constructive termination[.]" *Id.*, at ¶¶ 7, 9.

6. The Amended Complaint included six causes of action, including an allegation of race discrimination in violation of 42 U.S.C. § 1981. *Ibid.*

7. As part of her claim within the First State Court Action, Plaintiff alleged within her Amended Complaint that on July 10, 2019, she called upon Defenant Singh to fix a clogged drain, at which point he allegedly made unwanted sexual advances and assaulted her. *Id.*, at ¶¶ 96-105.

8. Plaintiff further alleged within the Amended Complaint in the First State Court Action that Defendant Rebekah subsequently investigated Plaintiff's allegations and allegedly learned that "approximately 20 female employees" of Defendant Rebekah had previously reported "being brushed up against or touched inappropriately by" Defendant Singh. *Id.*, at ¶¶ 106-108.

9. Plaintiff additionally alleged within the Amended Complaint in First State Court Action that Capaldo "discouraged' Plaintiff from "pursuing her criminal complaint" against Defendant Singh (*Id.*, at ¶¶ 109-117).

10. Finally, Plaintiff also alleged within the Amended Complaint in the First State Court Action that Defendant Rebekah's alleged "failure to act" caused Plaintiff to suffer post-traumatic stress disorder. (*Id.*, at ¶¶ 118-129).

11. On February 6, 2023, Defendant Rebekah, Gelb, and Capaldo – with the consent of Defendant Singh – removed the First State Court Action to this Court, where it was assigned the caption *Beazer v. Rebekah Rehab and Extended Care Center*, 1:23-cv-000967 ("the Federal Court Action"). A true and correct copy of the Notice of Removal (without exhibits) is attached hereto as **Exhibit D**.

## II. Citing in Part to New York's Adult Survivors Act, Plaintiff Files a Motion to Amend in the Federal Court Action

12. On March 1, 2023, an Answer was filed on behalf of Defendant Rebekah, Gelb, and Capaldo. [ECF No. 11.][1]

13. On March 1, 2023, Defendant Singh filed a request for a pre-motion conference. [ECF No. 12.]

14. On March 30, 2023, Plaintiff filed a request for a pre-motion conference, submitting in support of the request a letter and a redlined draft of a Second Amended Complaint. [ECF No. 13.] A true and correct copy of the redlined Draft Second Amended Complaint is attached hereto as **Exhibit E**.

15. With the proposed Second Amended Complaint, Plaintiff sought to add: (i) an additional cause of action titled "Sexual Offense" against Defendant Singh; and, (ii) an additional cause of action titled "Negligent Retention" against Defenant Rebekah, Gelb, and Capaldo. **Ex. E**, at ¶¶ 188-199.

---

[1] All citations to ECF filings refer to those filings in the First Federal Court Action, *Beazer v. Rebekah Rehab and Extended Care Center, et al.*, 1:23-cv-000967.

16. Within the proposed Second Amended Complaint, Plaintiff alleged that the new cause of action against Defendant Singh was timely pursuant to CPRL § 214-j a/k/a the Adult Survivors Act ("the ASA"). *Id.*, at ¶ 191.

17. Within the Second Amended Complaint, Plaintiff alleged that the new cause of action against the other defendants was timely pursuant to various Executive Orders tolling statutes of limitations during the COVID-19 pandemic. *Id.*, at ¶ 198.

18. Defendants Rebekah, Gelb, and Capaldo opposed the motion to amend and it was fully briefed as of April 28, 2023. [ECF No. 21.]

### III. Plaintiff Files a New Complaint in State Court, Alleging Her Claims Are Timely Under the New York Adult Survivors Act

19. On November 21, 2023 – while the motion to amend in the Federal Court Action was still pending – Plaintiff filed a Summons and Complaint in New York Supreme Court, Bronx County, which is captioned *Beazer v. Rebekah Rehab & Extended Care Center, et al.*, Index No. 819454/2023E ("the Second State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit F**.

20. Named as defendants in the Second State Court Action are Defendant Rebekah and Defendant Singh. *Id.*

21. On January 17, 2024, undersigned counsel for Defendant Rebekah accepted service of the Complaint in the Second State Court Action. A true and correct copy of the Acknowledgment and Acceptance of Service is attached hereto as **Exhibit G**.

22. The Second State Court Action focuses exclusively on the alleged assault of July 10, 2019 and the factual allegations within the Complaint of the Second State Court Action are nearly verbatim to those same factual allegations within the Complaint of the First State Court Action concerning that alleged event. *Compare* **Ex. F**, at ¶¶ 12-42; *with* **Ex. C**, at ¶¶ 96-129.

23. That is to say, within the Complaint in the Second State Court Action, Plaintiff alleges that: (i) on July 10, 2019, she called upon Defenant Singh to fix a clogged drain, at which point he made unwanted sexual advances and assaulted her (**Ex. F**, at ¶¶ 12-21); (ii) that Defendant Rebekah subsequently investigated Plaintiff's allegations and allegedly learned that "approximately 20 female employees" of Defendant Rebekah had previously reported "being brushed up against or touched inappropriately by" Defendant Singh (*Id.*, at ¶¶ 22-24); (iii) that Capaldo allegedly "discouraged" Plaintiff from "pursuing her criminal complaint" against Defendant Singh (*Id.*, at ¶¶ 25-32); and, (iv) that Defendant Rebekah's alleged "failure to act" caused Plaintiff to suffer post-traumatic stress disorder (*Id.*, at ¶¶ 33-42).

24. Plaintiff plead nearly the same identical alleged facts within the First State Court Action. *See*, ¶¶ 8-10, *supra*.

25. Within the Complaint in the Second State Court Action, Plaintiff further alleges that all of her causes of action are timely pursuant to the ASA. *Id.*, at ¶¶ 43-45.

**IV.    Plaintiff Withdraws the Pending Motion in the Federal Court Action**

26. Nine days after the undersigned accepted service of the Complaint in the Second State Court Action, Plaintiff withdrew her pending motion to file a Second Amended Complaint in the Federal Court Action. [ECF No. 22.]

**V.    Removal of the Second State Court Action**

27. This Court has original jurisdiction over the First State Court Action (now the Federal Court Action) pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 because that Amended Complaint arises, in part, under Federal law (specifically, 42 U.S.C. § 1981). *See, e.g.,* **Ex. D**, at ¶¶ 9-12.

28. This Court has supplemental jurisdiction over the remaining Counts of the Amended Complaint in the First State Court Action pursuant to 28 U.S.C. § 1367. *Id.*

29. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the five Counts within the Complaint filed in the Second State Court Action, because they not only arise in relation to the alleged employment relationship between Plaintiff and Rebekah Rehab, but also are nearly identical to the factual allegations plead within the Amended Complaint in the First State Court Action. *Compare* **Ex. F**, at ¶¶ 12-42; *with* **Ex. C**, at ¶¶ 96-129.

30. Due to the common questions of law and fact involved in the Federal Court Action and the Second State Court Action, Defendant Rebekah intends to ultimately make request pursuant to FRCP 42(a) to consolidate the two matters.

31. Undersigned counsel for the Removing Defendant accepted service of the Summons and Complaint for the Second State Court Action on January 17, 2024. **Ex. F**.

32. Counsel for Defendant Singh consents to this Notice of Removal.

33. In accordance with 28 U.S.C. § 1446(b), Fed. R. Civ. P. 6(a)(1), and Local Civ. R. 6.4, this Notice of Removal is timely filed within thirty (30) days of service of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Specifically, service of the Complaint was accepted on January 17, 2024.

## **CONCLUSION**

34. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1367 because the claims within the Second State Court Action Complaint also arise in relation to the alleged employment relationship between Plaintiff and Rebekah Rehab.

35. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the State Court Action are attached hereto in Exhibits A-G.

36. In accordance with 28 U.S.C. § 1446(b)(2)(A), counsel for Defendant Singh consents to the removal to this Court.

37. In accordance with 28 U.S.C. § 1446(d), Removing Defendant will, upon filing of this Notice of Removal, furnish written notice to Plaintiff and will file and serve a copy of this Notice with the Clerk of the Supreme Court of New York, County of Bronx via electronic process.

38. By filing this Notice of Removal, Removing Defendant does not waive any defenses, including without limitation, lack of personal jurisdiction and all defenses specified in Fed. R. Civ. P. 12, or any other defense. Additionally, any recitations herein of the alleged facts contained within any pleading filed by Plaintiff are not adoptive admissions.

WHEREFORE, Removing Defendant, with the consent of counsel for Defendant Singh, gives notice that that above-captioned action now pending before them in the Supreme Court of the State of New York, County of Bronx under Index No. 819454/2023E is removed to this Court.

Dated: February 13, 2024
Newark, New Jersey

Respectfully submitted,

WALSH PIZZI O'REILLY FALANGA, LLP

By:  /s/ *David D. Cramer*
David D. Cramer (DC0130)

Three Gateway Center                140 Broadway, 46th Floor
100 Mulberry Street, 15th Floor     New York, New York 10005
Newark, New Jersey 07102

Tel.: 973-757-1021
dcramer@walsh.law

*Attorneyss for Defendant Rebekah Rehab & Extended Care*